UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID L. FRANCHER,

                          Plaintiff,

   v.                                              Case No. 25-cv-907-pp

FOND DU LAC COUNTY JAIL, *et al.*,

                          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff David L. Francher, who was incarcerated at Dodge Correctional Institution when he filed his complaint and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights when he was confined at the Fond du Lac County Jail. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.     Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On July 20, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $2.70. Dkt. No. 6. The court received that fee on August 7, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee; the plaintiff must pay the remainder of the filing fee as he is able.

## II.    Screening the Complaint

### A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff sues twenty individual defendants, the Fond du Lac County Jail and Fond du Lac County Corporation Counsel. Dkt. No. 1 at 2. He alleges that on July 21, 2022, he had a hemorrhoidectomy (a surgical procedure to remove hemorrhoids) at Saint Agnes Hospital in Fond du Lac, Wisconsin. Id. at 3. The procedure allegedly caused the plaintiff's "entire anus cavity to be completely swollen and stitched closed." Id. He says that "he couldn't move anything down there on [his] own which was another reason for the certain

3

type of pain meds." <u>Id.</u> At the hospital, the plaintiff was given instructions to take Miralax and his "specific pain meds" before returning to the care of the Fond du Lac County Jail. <u>Id.</u>

The plaintiff alleges that once he returned to the jail, defendant Dr. Robert Cornwell, defendant Head Nurse Marie Brenner and "the other Defendants" did not give him the proper care or medication. <u>Id.</u> at 4. He states that for five days, "something was slowly ripping apart in [his] insides." <u>Id.</u> The plaintiff allegedly had to endure the pain for days while crying out for help to the defendants on the intercom in his cell and in person. <u>Id.</u> He states that he begged for help as the defendants walked by and asked for a crisis team. <u>Id.</u> The plaintiff says that he also filed grievances to try to get help. <u>Id.</u> He allegedly had solid stool push out through his stitches multiple times. <u>Id.</u>

On July 29, 2022, the plaintiff allegedly felt like he had to have a bowel movement and went to the toilet. <u>Id.</u> He says he realized he was "bleeding profusely" from his rectum, and that he lost a substantial amount of blood on the toilet and floor. <u>Id.</u> The plaintiff states that he used "every piece of strength" to "hit the door" to get an officer's attention; the officer rushed over and called for help. <u>Id.</u> The plaintiff states that he was rushed back to the hospital for emergency surgery and four blood transfusions from all the blood he lost. <u>Id.</u>

For relief, the plaintiff seeks compensatory damages. <u>Id.</u> at 5.

C.    <u>Analysis</u>

Under §1983, the plaintiff cannot sue the Fond du Lac County Jail or the Corporation Counsel of Fond du Lac. Section 1983 allows a plaintiff to sue a

4

"person" who, acting under color of law, violates his constitutional rights. The Fond du Lac County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a plaintiff may sue a municipality—which is not a person—under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cnty. Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an arm of the County. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that the jail is not a "legal entity separable from the county government which it serves . . . ." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Likewise, the Fond du Lac County Corporation Counsel "is not a suable entity distinct from the county which is serves." See Tate v. Milwaukee Cnty. Sheriff's Dep't, Case No. 08-C-1095, 2008 WL 5423984, at *3 (E.D. Wis. Dec. 29, 2008) (citing Tocholke v. Wagner, Case No. 07-C-0831, 2008 WL 302369, at *2 (E.D. Wis. Jan. 31, 2008)). Because the Fond du Lac County Jail and the Fond du Lac County Corporation Counsel do not have the capacity to be sued, the plaintiff may not proceed against them.

Because the plaintiff was confined at the Fond du Lac County Jail during events described in the complaint, the court assumes that he was a pretrial detainee. A §1983 claim that a state pretrial detainee has received inadequate

medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. County of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

The plaintiff alleges that he had surgery on July 22, 2022 and that when he returned to the jail, he suffered for five days because Dr. Cornwell, Nurse Brenner and the twenty other individual defendants did not give him the proper care or medication he was supposed to have. He says he cried out for help to the defendants on his cell intercom and begged for help as the defendants walked by his cell.

The plaintiff may proceed on a medical care claim against Dr. Cornwell and Nurse Brenner for allegedly not providing him with adequate medical care when he returned to the jail after his surgery. But the plaintiff has not alleged sufficient facts to state a claim against the other defendants. He says generally that over the five days, he sought help from twenty jail staff members by asking

6

for help over his cell intercom or asking for help in-person, but he does not specify which of these defendants he asked for help and when he asked them. To proceed against a defendant, the plaintiff must make specific allegations against that defendant. See Engel v. Buchan, 710 F.3d 698, 710 (7th Cir. 2013) (quoting Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008)). The court will dismiss the twenty defendants against whom the plaintiff did not allege his claim with specificity.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Fond du Lac County Jail, Ashley Schevers, Amanda Langkau, Jeanine Rounds, Amy Wagner, Angela Kemeny, T. Ohlemiller, Stephen Fricke, Sgt. Rob, Sgt. Kevin, Ashley Tanck, M. Zagorski, R. Beistle, N. Fry, L. Penn, S. Gau, K. Schoebel, Corporation Counsel of Fond du Lac, Kraus and Megan Krapfl.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Marie Brenner and Dr. Robert Cornwell under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R.

§§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Brenner and Cornwell to file a responsive pleading to the complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 23rd day of June, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
**Chief United States District Judge**

8