UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID L. FRANCHER,

Plaintiff,

v. Case No. 25-cv-907-pp

MARIE BRENNER, *et al.*,

Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 22), DENYING PLAINTIFF'S MOTION TO ADD DEFENDANTS (DKT. NO. 23) AND GRANTING PLAINTIFF'S AND DEFENDANTS MOTIONS FOR EXTENSION OF TIME (DKT. NOS. 24, 25)**

---

Plaintiff David L. Francher, who currently is confined at the Washington County Jail and is representing himself, filed this case alleging violations of his constitutional rights when he was confined at the Fond du Lac County Jail. The court screened the complaint and allowed the plaintiff to proceed on a Fourteenth Amendment medical care claim against defendants Dr. Robert Cornwell and Nurse Marie Brenner based on allegations that they did not provide him with adequate medical care when he returned to the jail after hemorrhoid surgery. Dkt. No. 10 at 6. This order addresses the plaintiff's motion to appoint counsel, dkt. no. 22, his motion to add defendants, dkt. no. 23, his motion for extension of time, dkt. no. 24, and the defendants' motion for extension of time, dkt. no. 25.

## I. Motion to Appoint Counsel (Dkt. No. 22)

In his motion to appoint counsel, the plaintiff states that he cannot afford a lawyer. Dkt. No. 22 at 1. The plaintiff states that he does not have access to proper resources at the Washington County Jail, and that he cannot access federal case law and the United States Code. Id. The plaintiff asserts that he has tried to find a lawyer on his own. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the

case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has included a letter from one lawyer declining to represent him. Dkt. No. 22-2. To satisfy the threshold requirement for recruitment of counsel, the plaintiff must provide the court with letters from at least two other lawyers who declined to represent him or, if he did not receive letters, the names and contact information of the lawyers he contacted. The plaintiff has not demonstrated that he made a reasonable attempt to find a lawyer.

Even if the plaintiff had made a reasonable attempt to find a lawyer on his own, the court would not grant his request for counsel. In the complaint, the plaintiff alleges that after he had a hemorrhoidectomy at an outside hospital, he returned to the Fond du Lac County Jail where he did not receive proper care or medication, resulting in severe pain. Eight days after surgery, the plaintiff allegedly was rushed back to the hospital for emergency surgery. While the plaintiff's claim involves medical care issues, his complaint demonstrates that he has a very good understanding of his medical issues and the defendants' alleged failure to provide him with the proper care while he was at the jail. In the plaintiff's October 19, 2026 motion for extension of time, which the court addresses below, he states that on August 11, 2026—almost three months ago—he was sentenced to serve a ninety-day sanction at the jail. Dkt. No. 24. The court will grant both parties' motions for extension of time. This should give the plaintiff an opportunity to litigate when he no longer is

confined at the Washington County Jail. For all these reasons, the court will deny without prejudice the plaintiff's motion to appoint counsel.

## II. Plaintiff's Motion to Add Defendants (Dkt. No. 23)

The plaintiff asks to add twenty-six new defendants, all of whom he says played an integral role in the allegations set forth in the complaint. Dkt. No. 23 at 1. He states that they worked at the Fond du Lac County Jail during the events described in his complaint. Id. at 1-2. The plaintiff lists the names of twenty-two individuals as well as the Fond du Lac County Human Resource Department, Advanced Correctional Healthcare, Alliance Services, Inc. and the Fond du Lac County Sheriff's Department. Id. at 2-3. He says the individuals acted unreasonably and violated his constitutional rights. Id. at 3.

The plaintiff already had named some of these individuals in his complaint. When the court screened the complaint, it allowed the plaintiff to proceed only against defendants Cornwell and Brenner for allegedly not providing him with adequate medical care when he returned to the jail following his surgery. Dkt. No. 10 at 6. The court did not allow the plaintiff to proceed against the twenty other individuals he originally named as defendants because he did not allege sufficient facts to state a claim against them. Id. The court explained that the plaintiff had stated generally that over five days he had sought help from twenty jail staff members by asking for help over his cell intercom, or asking for help in person, but that he had not specified which of the twenty other defendants he asked for help and when he asked them. Id.

In his motion, the plaintiff does not allege with specificity any claim against the parties he wants to add. Even if he had, the plaintiff did not file a proposed amended complaint as required by the court's local rules. A motion to amend the complaint must "state specifically what changes are sought by the proposed amendments" and the proposed amended complaint "must be filed as an attachment to the motion to amend." Civil Local Rule 15(b) (E.D. Wis.). Additionally, a proposed amended complaint must contain all the plaintiff's allegations, including those set forth in the original complaint. See Civil L.R. 15(a) ("Any amendment to a pleading . . . must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). The court will deny the plaintiff's motion to add new defendants.

## III. Parties' Motions for Extension of Time (Dkt. Nos. 24, 25)

The plaintiff has filed a motion asking for a sixty-day extension of the case deadlines. Dkt. No. 24 at 2. He states that he is serving a ninety-day sanction at the Washington County Jail and that the jail lacks resources for him to litigate the case. Id. The defendants have filed a motion for a ninety-day extension of time to file a motion for summary judgment for the plaintiff's failure to exhaust administrative remedies. Dkt. No. 25. They state that they are awaiting responses from the Wisconsin Department of Corrections regarding the plaintiff's exhaustion of remedies. Id. at 1-2. The court will grant both motions.

## IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 22.

The court **DENIES** the plaintiff's motion to add defendants. Dkt. No. 23.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 24.

The court **GRANTS** the defendants' motion for extension of time. Dkt. No. 25.

The court **VACATES** that the deadlines set in the court's August 3, 2026 scheduling order. Dkt. No. 19. The court **ORDERS** that the deadline for the defendants to file a motion for summary judgment on exhaustion grounds is **January 29, 2027**. The deadline for the parties to complete discovery is **April 30, 2027**, and the deadline for the parties to file motions for summary judgment on the merits is **June 1, 2027**.

Dated in Milwaukee, Wisconsin this 26th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**